IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. SCHOENFELD | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PALAMERICAN SECURITY, INC., | ) | |
| Successor in interest to CRITERION | ) | |
| HEALTHCARE SECURITY, INC., | ) | |
| and ALLEGHENY | ) | |
| GENERAL HOSPITAL | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Robert L. Schoenfeld ("Schoenfeld" or "Plaintiff"), by his undersigned counsel, Robert M. Owsiany, Esquire, brings this Complaint seeking legal and equitable relief for employment discrimination based on age discrimination and disability discrimination relating to Defendants' termination of Plaintiff's employment, as follows.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367(a), and 1391 and 42 U.S.C. §2000e-5. This action is authorized and instituted pursuant to the Americans With Disabilities Act of 1990, as amended, 42 §12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. §§3951 *et seq.* ("PHRA").

2. Plaintiff timely exhausted his administrative remedies by filing charges (the

"Charges") on or about June 2, 2017 with the United States Equal Employment Opportunity Commission ("EEOC") at charge numbers 533-2017-00996 (Criterion) and 533-2017-00997 (Allegheny General).  Plaintiffs' Charges are incorporated by reference as if fully set forth herein.  On January 4, 2018 the EEOC mailed to Plaintiff a Dismissal and Notice of Right to Sue letters ("Right to Sue") advising him of his right to bring this action.  Plaintiff has filed this instant suit within 90 days of receipt of the Notice of Right to Sue.  A copy of each Notice of Right to Sue is attached as Exhibit "A" (Criterion) and Exhibit "B" (Allegheny General).

3. The employment practices alleged to be unlawful were committed by the Defendant Employers in and around Allegheny County Pennsylvania, where Plaintiff worked for Defendant Employers.  Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3) as incorporated by 42 U.S.C. §12117(a).

## PLAINTIFF

4. Plaintiff Schoenfeld is a 64 year-old (d.o.b. 11/19/1953) adult male individual who resides at 2159 Whited Street, Pittsburgh, Allegheny County, Pennsylvania, 15210. Plaintiff was staffed as a security guard at hospitals through employment under his employer Criterion Healthcare Security, Inc. (hereinafter "Criterion" and/or "Employer").

5. After Plaintiff was discharged by Defendant Employer Criterion, it merged into another company now known as PalAmerican Security, Inc. ("PalAmerican") is organized and existing under the laws of the state of Florida, has its headquarters in Florida, and operates a place of business at 5701 Steubenville Pike, McKees Rocks, Pennsylvania 15136.  Defendant Allegheny General Hospital (hereinafter "AGH" or "Hospital") is a corporation with a principal

place of business at 320 East North Avenue, Pittsburgh, PA  15212, and was a joint employer with Criterion.

6. At times relevant hereto, Defendant Employer was Plaintiff's employer, being an employer within the meaning of the ADA and ADEA, in that it employed more than (20) individuals.

7. Plaintiff is in a protected class under the ADA because of his disability at the time the acts of discrimination occurred.

8. Plaintiff is in a protected class under the ADEA because of his age, over forty (40) years at the time the acts of discrimination occurred.

9. At all relevant times, the Defendant Employers have been continuously doing business in the Commonwealth of Pennsylvania and have employed at least fifteen (15) employees, and are "persons" engaged in an industry affecting interstate commerce within the meaning of the ADA (42 U.S.C. §12111(5), the ADEA (29 U.S.C. §630(b), the PHRA, and all relevant statues.

10. At all relevant times hereto, Defendant Employers acted or failed to act by and through their duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

11. At all relevant times hereto, Defendant AGH acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

**FACTUAL BACKGROUND**

12. Plaintiff began employment with Defendant Criterion on or about December 2015 as a full time (40 hours/week) Security Guard with at a pay rate of $11.25/hour.

13. Plaintiff held the title and duties of a Security Guard at various hospital locations.

14. During Plaintiff's employment with Defendant Criterion he was staffed at a total of two hospital locations (Canonsburg Hospital and AGH).

15. Plaintiff Schoenfeld's duties involved the observation of the behaviors of visitors and patients as they entered or were being escorted to and from various parts of the Hospital in order to respond, prevent and or resolve dangerous altercations that occur and thereby maintain a safe environment between patients, hospital medical treating staff, and visitors.

16. On or about April 16, while Plaintiff was on duty at Canonsburg Hospital, his first assigned hospital site, he sustained injuries as a result of moving a dead body from the ER to the morgue. Shortly thereafter on May 16, 2016, he sustained additional injuries as a result of an altercation with a disruptive and combative patient in the emergency room area. The severity of these incidents were such that Plaintiff was required to obtain medical attention and treatment, the result of which was that Schoenfeld received a doctor's recommendation to take a leave of absence from work for a period of 10 days and further, upon being allowed to return to work, to not be staffed in an emergency room setting. The doctor's orders were given so that Plaintiff would not re-aggravate or cause additional injuries which would likely occur in an emergency room environment.

17. Plaintiff provided his manager with his doctor's prescribed recommendations upon returning to work on or about June 3, 2016. Plaintiff was initially placed on duty at the AGH reception area; however, he was shortly thereafter removed and re-assigned to the emergency room area.

18. Plaintiff made it clear that he could not work emergency room security and that he would need to remain in his reception area position or if moved be placed in a similar

accommodating assignment.

19. AGH Management, through its Supervisor of Security, Vincent Faiello[1], refused to abide by Plaintiff's required accommodation. This refusal along with the insistence that Plaintiff work the emergency room security area, resulted in Plaintiff's notification to management that he was left with no option but to cease work and be forced to go home. Plaintiff chose to cease his assignment due to management's failure to place and retain him in a position that was in accommodating to his physical disabilities.

20. Plaintiff made additional notifications and requests to supervising authorities above his direct supervisor including his direct supervisor's manager, the safety director, and Robert Buchanan, founder and owner of Criterion.

21. Despite several telephone and email communications and repeated assurances from Buchanan that suitable work accommodations would be found, Plaintiff's efforts were unfruitful and his requests were ultimately denied. In fact, during one of these conversations Plaintiff was told "If you can't work, stay home."

22. Defendant Employer Criterion willfully ignored the fact that Plaintiff was ready and willing to remain and continue his employment under the condition that an accommodating position duties would be arranged that would not be prejudicial to the Plaintiff's medical doctor's order. During the months of May through August Plaintiff anxiously awaited a return to work.

23. Plaintiff made continuing and exhausting efforts to maintain employment according to his work release medical orders. Finally, on August 12, 2016 Robert Buchanan made it clear that there no position would be offered to meet the physical limitation

---

[1] It is unclear at the time of this filing if Faiello was employed by AGH, Criterion, or both.

accommodation order of Plaintiff's doctor stating to Plaintiff "You're not worth us putting the time into you due to your age and disability". Further, Buchanan added "People like you aren't worth the time investment," and "Your disability is of no concern to the company".

24.     Defendant Employers Criterion and AGH refused to return Plaintiff to work or offer him a position which would accommodate his physical limitations due to his disabilities. Several such positions within AGH, as managed by Criterion, were available to him.

## STATEMENT OF CLAIMS

### COUNT I

### EMPLOYMENT DISCRIMINATION UNDER THE ADA AND ADEA: DEFENDANT CRITERION HEALTHCARE SECURITY

25.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 24, as if fully restated herein.

26.     From approximately May 2016 and continuing to the present time, Defendant Employers Criterion and AGH engaged in unlawful employment practices in and around Allegheny County, Pennsylvania, in violation of the ADA and ADEA. These practices include but are not limited to the incidents described in paragraphs 12-24.

27.     Beginning in at least May 2016 and continuing to the present time, Defendant Employers discriminated against Plaintiff as part of an overall scheme of a continuous and ongoing pattern of unlawful discrimination based upon age and disability. Defendant Employers treated disabled employees less favorably than those who are younger and/or non-disabled when applying its hiring and employment practices.

28.     Defendant Employers were motivated by the fact that Plaintiff was over the age of 40 and has a physical disability.

29. Defendant Employers ignored, delayed, and denied an equitable and equal treatment of Plaintiff which is a contradiction and violation of the ADA and ADEA.

30. As a result of the direct and proximate aforementioned conduct of Defendant Employers, Plaintiff has suffered and continues to suffer in the following ways, inter alia:

    a. Mental anguish, depression and emotional strain;

    b. Loss of income and benefits;

    c. Deprivation of the ordinary pleasures of life;

    d. Loss of sleep, stress, and severe anxiety;

    e. Humiliation, embarrassment;

    f. Plaintiff's career has been curtailed and sabotaged.

31. As a further result of the aforementioned unlawful conduct of the Defendant Employers, Plaintiff's independence, stability and career were hampered and his reputation damaged.

32. The actions of the Defendant Employers complained of herein, constitute discrimination and harassment based on age and/or disability, continuous in nature, in violation of the ADA and the ADEA.

WHEREFORE, Plaintiff demands judgment against Defendant Employers and seeks damages as follows:

    a. That the Defendant Employers be permanently enjoined from unlawful discrimination behavior on the basis of age and/or disability.

    b. That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative

relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

      c.      That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendant Employers' outrageous conduct;

      d.      That Plaintiff be awarded punitive damages for Employers intentional, wanton, willful and malicious discrimination under ADA and/or double damages under the ADEA;

      e.      That Plaintiff be awarded nominal damages;

      f.      That Plaintiff be awarded the costs of this litigation, expert fees and reasonable attorney's fees; and

      g.      That Plaintiff be awarded such further relief as this Court deems to be just and proper, including reinstatement to his employment.

## **RELATED STATE LAW CLAIMS**

## **COUNT II**

### **EMPLOYMENT DISCRIMINATION UNDER THE PHRA**
### **DEFENDANT CRITERION HEALTH CARE SECURITY**

33.      Plaintiff incorporates by reference the allegations in paragraphs 1 through 29 as if fully restated herein.

34.      Plaintiff filed a timely charge of discrimination/harassment with the EEOC that was cross-filed with the Pennsylvania Human Relations Commission.  Plaintiff was issued a letter notifying him of his Right to Sue within 90 days.  The instant action is filed within the 90-day limit.  The Plaintiff has met all administrative conditions precedent.

35. Since May 2016 and continuing through the termination of his employment on August 12, 2016, Defendant Employers Criterion and AGH have engaged in unlawful employment practices in and around Western Pennsylvania, in violation of the Pennsylvania Human Relations Act, 43 P.S. §§951 et seq.  This court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367 (a).

36. Defendant Employers discriminated against Plaintiff because of his age and/or disability.

37. Defendant Employers subjected Plaintiff to disparate treatment and discrimination as set forth in paragraphs 11 through 24 of this complaint, all of which caused Plaintiff economic loss, mental, emotional and physical suffering.

38. Defendant Employers' actions were undertaken with reckless indifference to the federally protected right of Plaintiff to be free from age and disability discrimination.

39. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise to adversely affect his status as an employee because of his age and/or disability, all in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendant Employers, and damages as follows:

    a. That the Defendant Employers be permanently enjoined from harassment and discrimination on the basis of age and/or disability discrimination;

    b. That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus

interest;

    c. That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendant Employer's outrageous conduct;

    d. That Plaintiff be awarded punitive damages under the PHRA in an amount sufficient to punish Defendant Employers for their wanton, willful, intentional and malicious discrimination of Plaintiff and to deter similar misconduct;

    e. That Plaintiff be awarded nominal damages;

    f. That Plaintiff be awarded the costs of this litigation, and reasonable attorney's fees; and

    g. That Plaintiff be awarded such further relief as this Court deems to be just and proper including reinstatement to his job.

**Plaintiff Demands A Jury Trial.**

            Respectfully Submitted,

            s/ ROBERT M. OWSIANY
            Robert M. Owsiany, Esquire
            PA I.D. No. 35124

            Henry W. Oliver Building
            Suite 622
            535 Smithfield Street
            Pittsburgh, PA 15222
            412-281-4906 (T)
            412-281-4908 (F)
            rmowsiany@rmolaw.com

Dated: April 4, 2018         Counsel for Plaintiff
             Robert L. Schoenfeld, Sr.