IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. SCHOENFELD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-442 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PALAMERICAN SECURITY, INC., | ) | |
| *successor in interest to* CRITERION | ) | |
| HEALTHCARE SECURITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **JUDGMENT ORDER**

Based on Plaintiff's testimony and evidence presented at the hearing on damages held on October 16, 2018 (see Transcript of Hearing on Damages, Doc. 22), as well as Plaintiff's Supplemental Declaration (Doc. 20), it is hereby ORDERED that:

Judgment is entered, in favor of Plaintiff and against Defendant, PalAmerican Security, Inc., successor in interest to Criterion Healthcare Security, Inc., in the amount of **$ 330,181.53**. Specifically, the Court calculates this award as follows.

The evidence shows that Plaintiff's typical hourly wage as of his termination on August 12, 2016 was $11.25 per hour, (id. at ¶¶ 1, 6); that Plaintiff worked 36.5 hours per week, every week of the year, (id. at ¶ 6); and that Plaintiff worked every day each week except for Wednesdays and Saturdays, (id.). Plaintiff maintained this work schedule even when a work day fell on one of eight specified holidays, and Plaintiff would receive double pay for working on one of these holidays.[1] (Id.) As of January 1, 2017, Plaintiff would have received a wage

---

[1] Following Plaintiff's termination, the number of double-paid holidays falling on days Plaintiff would have worked is given by the following list: 2016 - 4 days; 2017 - 4 days; 2018 - 8 days; 2019 - 7 days; 2020 - 6 days; 2021 - 7 days; 2022 - 7 days; 2023 - 8 days; 2024 - 7 days; 2025 - 7

1

increase to a base rate of $14.25 per hour.  (Id. at ¶ 7.)  Plaintiff would have worked at the increased rate until his anticipated retirement at the end of the year 2028, at age 75.  (See Transcript of Hearing on Damages 17.)

After his termination, Plaintiff found a time-limited, part-time position working for his friend on a dry wall project.  (Id. at 7.)  Plaintiff earned $50 per day, working two to three days per week, and twelve to thirteen weeks in total.  (Id. at 8.)

Prior to his termination in August 2016, Plaintiff received two lump sum workers' compensation settlements of $5,000 each in April and May of 2016, for a total of $10,000 in workers' compensation payments.  (Plaintiff's Supplemental Declaration at ¶¶ 2-4.)  These settlements were "paid in respect of all past and future lost wages and earning power due to th[ese] injur[ies] for the remainder of [Plaintiff's] life."  (Id. at ¶¶ 3-4.)

As a result of the above findings, subtracting Plaintiff's earned wages and workers' compensation payments from his back pay and front pay totals yields:

| | | |
|---|---|---|
| $ 67,549.73[2] | | Back pay |
| $ 274,194.30[3] | | Front pay |
| ($ 1,562.50)[4] | | Mitigation |
| ($ 10,000.00) | | Workers' Compensation |
| ---------------- | | |
| **$ 330,181.53**[5] | | **Net Damages** |

---

days; 2026 - 7 days; 2027 - 7 days; 2028 - 7 days.  (Exhibit C to Plaintiff's Supplemental Declaration.)
[2] From August 12, 2016 to February 15, 2019.
[3] From February 16, 2019 to December 31, 2028.
[4] This amount is equal to $50 per day multiplied by 2.5 days per week, multiplied by 12.5 weeks.
[5] No evidence has been presented concerning discounting future compensation to present value, and the Court therefore has no basis on which to apply present discounting.


...


3

The Court will address counsel's motion for fees and interest in a separate order, and it will enter herewith an Order under Federal Rule 58 and mark this case closed.

IT IS SO ORDERED.

February 15, 2019              s\Cathy Bissoon
                               Cathy Bissoon
                               United States District Judge

cc (via ECF email notification):

All counsel of record